# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LETICIA SANDERS**                                                                              **PLAINTIFF**

v.                              **CASE NO. 4:24-CV-00328-BSM**

**LOUIS DEJOY,** *Postmaster*                                                                    **DEFENDANT**
*General, United States Postal Service*

## ORDER

Louis DeJoy's motion to dismiss [Doc. No. 2] is granted and Leticia Sanders's complaint [Doc. No. 1] is dismissed without prejudice. Sanders's motion for reconsideration [Doc. No. 8] is denied as moot.

## I. BACKGROUND

Sanders is suing DeJoy in his official capacity as Postmaster General of the United States Postal Service (USPS) for disparate treatment, and for a harassing and hostile work environment; she is also seeking relief under the Federal Tort Claims Act (FTCA) for an on-the-job injury. When viewed in the light most favorable to Sanders, the facts are as follows.

Sanders is an employee of USPS. Pet. Trial Hr'g Mot. Subpoena R. Witnesses Pet. Fed. Tort Claim Settlement ¶ 1, Doc. No. 1 (Compl.). Sanders alleges that a supervisor named Barbara Pacheco was allowed to keep her job after having an affair with the postmaster and that another employee named Latoya Storay was "paid off" after throwing away customers' mail. *Id.* ¶ 25. Sanders further alleges that USPS awarded junior employees positions that she requested; USPS employs individuals who lack people skills, morals, and values; USPS allows employees to bully and harass others; and USPS does not

operate professionally, confidentially, with integrity, or with competence. *Id.* ¶¶ 14–15, 17, 20. For example, an employee named Greg Merkson sent pictures of his penis to other employees, a supervisor named Diana told people that her vagina does not get wet, a supervisor named Latasha Henderson horse-played and threw another employee to the floor, and another employee, also named Diana, held up the mail on purpose. *Id.* ¶¶ 18–19.

Finally, Sanders alleges that she was injured at work when she followed unsafe orders. *Id*. ¶¶ 31, 34. Sanders alleges that she suggested a safer way to perform the job, but USPS disregarded it and told her she would be found insubordinate if she did not comply. Compl. ¶ 35–36.

Sanders is suing USPS for having a harassing and hostile work environment, for disparate treatment, and for an on-the-job injury. DeJoy is moving to dismiss all claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and

matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

DeJoy's motion to dismiss is granted.

A.  <u>Disparate Treatment</u>

DeJoy's motion to dismiss Sanders's disparate treatment claim is granted because she has not alleged that she was qualified for a promotion to an open position and denied it because of her protected class, or even that USPS promoted someone outside of her protected class instead of her. *See Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 937 (8th Cir. 2007) (stating the elements for discrimination in the failure-to-promote context); *see also Gentry v. Georgia-Pac. Corp.*, 250 F.3d 646, 649 (8th Cir. 2001). Although Sanders alleges that employees junior to her were given positions she requested, she has failed to allege that those employees were in a different class than herself. Compl. ¶ 20. As for her specific allegations of disparate treatment involving Pacheco and Storay, Sanders does not explain how those instances have anything to do with her being treated differently based on her membership in a protected class. *Id.* ¶ 25.

B.  <u>Hostile Work Environment</u>

DeJoy's motion to dismiss Sanders's hostile work environment claim is granted because she does not allege that she was subjected to unwelcome harassment, that there is a causal connection between the harassment and her protected class, and the harassment affected a term, condition, or privilege of employment. *See Gordon v. Shafer Contracting*

3

*Co.*, 469 F.3d 1191, 1194–95 (8th Cir. 2006) (stating the elements of a hostile work environment claim). The allegations that Sanders makes regarding this claim are conclusory. Compl. ¶¶ 5–6, 8, 10, 14, 23, 30. Additionally, her allegations concerning Greg Merkson, supervisor Diana, Latasha Henderson, and the other employee named Diana do not involve her. *Id.* ¶ 18.

C.  FTCA Claim

DeJoy's motion to dismiss Sanders's FTCA claim for an on-the-job injury is granted because she has failed to exhaust her administrative remedies. *See* 28 U.S.C. § 2675(a) (an action against the United States for money damages for personal injury shall not be initiated unless the claimant first presents the claim to the appropriate federal agency); *see also Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993); Mot. Dismiss, Ex. 1, Declaration of Kimberly Herbst, Doc. No. 2 (no claim found in USPS database).

IV. CONCLUSION

For these reasons, DeJoy's motion to dismiss is granted and Sanders's complaint is dismissed without prejudice. Sanders's motion for reconsideration is denied as moot.

IT IS SO ORDERED this 15th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE